Per Curiam.
The first question which has been made is, whether the pauper was legally assigned to the defendants. A town has undoubtedly a right to the services of a pauper to aid in his support. So has any person who may have become liable for his support by virtue of a contract with the town. It has been a custom with some towns to make an assignment in the mode pursued in the present case ; and there may be nothing illegal in thus transférring a pauper to any individual, though it might be done in a way less ungrateful to the feelings of the person transferred.
Admitting for the present that no objection lies against the validity of the assignment, the question is, whether the defendants, having a right to ordinary and moderate services from the plaintiff, may not bind themselves by a special contract to pay him wages for particular services. It should seem to be a matter of common honesty, that, though a man may set a slave or indented apprentice to work, yet, if he promises to pay him a sum of money for particular services, or for the purpose of inciting him to increased industry, he should be bound by his promise. By the civil law, a contract made by a master with his slave emancipated the slave. Here there was a good subject for a promise. The plaintiff’s labor was re quired in a particular department in making paper, and he has complied with his engagement. It is too late for the defendants, after entering into the special contract, to say they had a right to all his services.
These remarks render it unnecessary to determine whether the assignment in this case by the town was valid, or whether any assignment would be, unless made according to the statute, by indenture.

Judgment according to the verdict.